USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GURR JOHNS CAPITAL CREDIT PARTNERS DELAWARE LLC,

Plaintiff,

-against-

PAMELA FORD,

Defendant.

26-CV-8123 (MKV)

**TEMPORARY RESTRAINING ORDER & ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

MARY KAY VYSKOCIL, United States District Judge:

Upon the Complaint dated September 17, 2026; the Affirmation of Stephan Ludwig dated September 17, 2026, and its exhibits; the Affirmation of Christopher J. Robinson dated September 17, 2026, and its exhibits; Plaintiff's memorandum of law supporting temporary and preliminary injunctive relief; and the proceedings on this application, the Court makes the following preliminary findings for purposes of temporary relief under Federal Rule of Civil Procedure 65:

Plaintiff has demonstrated a substantial likelihood of success on its claims to enforce the parties' loan facility agreements, as amended, and the November 9, 2023, and September 2024 Security Agreements, including its present right to possession of the Collateral defined in paragraph 2 and described in Schedule A to this Order following Defendant's continuing default.

Defendant removed pledged goods from 80 Lamberton Road, Windsor, Connecticut, without Plaintiff's consent and continues to withhold their location and possession. The goods include unique vintage clothing and accessories vulnerable to environmental damage, pests, theft, and deterioration. They are presently unable to be sold while in Defendant's sole and exclusive possession at a location unknown to Plaintiff. Continued denial of access and possession threatens

imminent, irreparable injury and very serious damage to Plaintiff's security that cannot adequately be remedied by a later money judgment. The balance of hardships favors delivery into Plaintiff's possession through professional transport and storage, with insurance and the custody protections below. The relief protects the identified property and the parties' interests pending a prompt hearing and is consistent with the public interest.

The Affirmation of Christopher J. Robinson dated September 17, 2026, indicates that Defendant's counsel is on notice of this application. [ECF No. 6-2] ¶ 17.

Accordingly, IT IS HEREBY ORDERED that

1. Defendant Pamela Lynn Ford shall show cause before the Honorable Mary Kay Vyskocil, United States District Judge, on October 12, 2026, at 10 a.m. Eastern Time, in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, why a preliminary injunction should not issue under Rule 65 requiring: (a) collection and delivery of the Collateral described in Schedule A into Plaintiff's possession at UOVO in Brooklyn as specified below; (b) continued exclusive custody by Plaintiff at that facility during this action, subject to further order; and (c) compliance with the access, cooperation, and payment requirements and ancillary restraints specified below. Plaintiff retains the burden of establishing its entitlement to that relief.
2. For purposes of this Order, "Collateral" means the pledged goods described in Schedule A, which is physically attached and forms part of this Order. "Uovo Facility" means the Uovo facility at 105 Evergreen Ave, Brooklyn, New York 11206.
3. The restraints and commands in paragraphs 4–10 take effect upon entry of this Order and satisfaction of the security requirement in paragraph 11 (the "Effective Time"). Defendant's compliance obligations commence upon the later of the Effective Time and

Defendant's receipt of actual notice of this Order, subject to the timing specified below. Plaintiff shall promptly notify Defendant's counsel when the security requirement has been satisfied.

4. Within 24 hours after completion of delivery under paragraph 5, Defendant shall affirm in writing to Plaintiff's counsel that she has returned all Collateral that has been in her possession, custody, or control.

5. Plaintiff shall give Defendant's counsel written notice of the date and time designated for collection of the Collateral. Defendant shall make the Collateral available for collection on that date and at that time for delivery into Plaintiff's exclusive possession at the Uovo Facility. Plaintiff shall arrange qualified professional handlers and movers and advance the reasonable transport and initial storage charges, subject to later allocation by the Court. Before collection, Plaintiff shall confirm to Defendant's counsel the mover's identity and arrangements for appropriate transit insurance and insured storage. Defendant shall identify the collection location, provide access, and execute and transmit the release instructions necessary to complete peaceful collection and delivery.

6. Pending and in aid of delivery, Defendant shall not sell, offer for sale, transfer, pledge, encumber, conceal, damage, or move any Collateral, or direct or assist another person to do so, except for collection and delivery expressly required by this Order. Defendant shall not obstruct that collection or delivery, revoke necessary access authorizations, or condition compliance on payment, refinancing, a release of claims, or another concession from Plaintiff. During the term of this Order, Defendant shall not remove delivered Collateral from the Uovo Facility, direct its release or transfer to anyone other than

Plaintiff, or obstruct Plaintiff's access to it, except as authorized by further order of the Court.

7. Within 10 days after each delivery, Plaintiff shall provide Defendant's counsel with an itemized receipt identifying the items received, the date and place of receipt, and photographs documenting their condition on receipt.

8. During the term of this Order, Plaintiff shall maintain the delivered Collateral in secure, professionally managed, insured storage at the UOVO Facility and keep an inventory and condition record. During the term of this Order, Plaintiff shall not sell, pledge, release, or otherwise dispose of the delivered Collateral absent further order of the Court.

9. The restraints in paragraph 6 bind Defendant and the persons described in Rule 65(d)(2) who receive actual notice of this Order, including her agents and persons acting in active concert or participation with her. The commands to return the Collateral, confirm compliance in writing, and direct payments are addressed to Defendant. Collection shall proceed through peaceful access furnished by Defendant. Any impediment requiring additional judicial relief shall be presented promptly to the Court.

10. Defendant, on behalf of herself and Iconic Archive LLC ("Iconic"), shall promptly review The RealReal's inventory and sales records for their consignments to identify goods pledged to Plaintiff, as lender ("Lender"), including unsold goods and previously sold goods for which proceeds have not yet been remitted. Defendant shall identify those goods to The RealReal in writing, notify it that the proceeds of their sale constitute collateral pledged to Lender, and direct it to remit directly to Lender all proceeds otherwise payable to Defendant or Iconic from sales of those goods, including proceeds of any future sales of the identified unsold goods and proceeds of past sales that have not yet been remitted.

Lender shall provide the information necessary for payment. Defendant shall provide Plaintiff's counsel a copy of her written instructions.

11. Plaintiff shall provide security under Rule 65(c) in the amount of $ 20,000, by September 21, 2026, at 12:00 p.m. Eastern Time.

12. This temporary restraining order expires on October 2, 2026, and in no event later than 14 days after entry unless lawfully extended under Rule 65(b)(2) or replaced by a preliminary injunction. The hearing shall be set at the earliest practicable time. The return date, completion of delivery, or pendency of the preliminary-injunction application does not itself extend this TRO.

13. Plaintiff shall serve the signed Order, including Schedule A, the Complaint, and all supporting motion papers on Defendant and provide copies to her counsel by September 21, 2026, at 12:00 p.m. Eastern Time. Plaintiff shall file proof of that service by September 21, 2026, at 5:00 p.m. Eastern Time. Service of this Order and the application does not dispense with service of the summons and Complaint in accordance with Rule 4 or a valid waiver of that service.

14. Defendant's opposition papers shall be filed by September 25, 2026, at 5:00 p.m. Eastern Time. Plaintiff's reply papers shall be filed by September 28, 2026, at 5:00 p.m. Eastern Time. Filing shall be through ECF.

15. A party may apply promptly to modify or dissolve this Order. If it was issued without notice, Defendant may seek dissolution or modification on two days' notice, or on shorter notice allowed by the Court, as provided by Rule 65(b)(4).

**SO ORDERED.**

Dated: September 18, 2026
New York, New York

Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
United States District Judge

**Schedule A**

**Collateral Subject to Collection and Delivery**

The Collateral consists of all tangible goods previously pledged to Plaintiff under the parties' Security Agreements that were located at the parties' agreed storage facility at 80 Lamberton Road, Windsor, Connecticut, on the day immediately preceding Defendant's removal of the pledged goods from that facility on or about August 25, 2026, excluding goods removed from that facility by agreement of the parties.