USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GURR JOHNS CAPITAL CREDIT PARTNERS DELAWARE LLC,

Plaintiff,

-against-

PAMELA FORD,

Defendant.

26-CV-8123 (MKV)

**ORDER DENYING MOTION TO VACATE TEMPORARY RESTRAINING ORDER**

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Defendant's motion to dissolve, or, in the alternative, modify the temporary restraining order previously entered in this case, [ECF No. 9] (the "TRO"). [ECF No. 12] (the "Motion"). The Motion is supported by a memorandum of law, affidavits and exhibits, and a proposed Order. [ECF No. 12-1–9].

Defendant seeks to dissolve the TRO or, "at minimum," have it modified "to a) condition any relief upon Plaintiff providing a proper accounting of the loan, . . . b) increase the amount of the security bond and c) . . . preclud[e] either party from accessing the collateral pending resolution of this dispute." Motion at 1 (citation modified).

Plaintiff has opposed the Motion. [ECF No. 15] (the "Opposition" or "Opp."). The Opposition is supported by affidavits, each of which attaches an exhibit. [ECF Nos. 13, 14].

"On a motion to dissolve a temporary restraining order, the party that obtained the order bears the burden of justifying continued injunctive relief." *New York v. Trump*, 765 F. Supp. 3d 287, 291 (S.D.N.Y. 2025) (collecting cases).[1] In its Opposition and supporting papers, Defendant

[1] The Motion is premised upon the assumption that the "TRO was entered without notice." [ECF No. 12-1] at 4 (citing Federal Rule of Procedure 65(b)(4)). This was not the Court's understanding. *See* TRO at 9 ("The Affirmation of

has shouldered this burden. The TRO is tailored to "serv[e] the[] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

In that connection, the Court notes that the preliminary injunction ("PI") hearing is currently scheduled for October 12, 2026, which is a federal holiday after the expiration of the TRO. *See* TRO ¶¶ 1, 12. Accordingly, it is HEREBY ORDERED that the Parties shall meet and confer and, on or before September 25, 2026, propose to the Court an alternative schedule for the PI hearing. In addition to a new hearing date, the jointly proposed schedule shall include deadlines for briefing and the exchange of evidence.

The October 12, 2026, hearing and the briefing schedule set forth in the TRO, *see* TRO ¶ 14, are hereby ADJOURNED.

It is FURTHER ORDERED that, on or before September 24, 2026, Plaintiff shall comply with the TRO's requirement that she "identify the collection location." *Id.* ¶ 5; *see also* Opp. at 10–11 (citing [ECF No. 14] ¶ 28). Should she fail to do so, she risks sanctions, including monetary sanctions and the preclusion of claims and evidence.

The Motion is DENIED. The Clerk of Court is respectfully requested to terminate docket entry number twelve.

---

Christopher J. Robinson dated September 17, 2026, indicates that Defendant's counsel is on notice of this application." (citing [ECF No. 6-2] ¶ 17.)). Nevertheless, out of an abundance of caution, the Court applies the standards applicable under Rule 65(b)(4).

**SO ORDERED.**

Dated: September 23, 2026
New York, New York

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
United States District Judge