USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GURR JOHNS CAPITAL CREDIT PARTNERS DELAWARE LLC,

Plaintiff,

-against-

PAMELA FORD,

Defendant.

26-CV-8123 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Plaintiff's motion for a preliminary injunction, [ECF No. 6], Defendant's response, [ECF No. 22], and Plaintiff's reply, [ECF No. 26]. A temporary restraining order (the "TRO") [ECF No. 9] is in effect and, on consent of the parties, will remain in effect through October 16, 2026. *See* [ECF No. 21].

The Parties have advised that the preliminary injunction hearing scheduled for October 19, 2026, is unnecessary. *See* [ECF No. 22 at 2]; [ECF No. 26 at 11].[1]

Defendant seems to oppose a preliminary injunction only on the grounds that "Defendant has complied, and intends to continue to comply" with the TRO, and thus "any request for [a] preliminary injunction is academic." [ECF No. 22 at 1]. Defendant also submits that "any further injunctive relief should continue" enforcement of Paragraph 8 of the TRO, which bars Plaintiff from selling, pledging, releasing, or otherwise disposing of the delivered Collateral "pending ultimate resolution of the parties' dispute." *Id.* Indeed, Defendant agrees that "it is appropriate for this Court to *maintain the status quo* pending the substantive adjudication of the parties' rights

[1] Page number citations are to the page number generated by ECF at the top of each page.

and responsibilities, including prohibiting further sales of the collateral without mutual consent of the parties" as ordered by the TRO. *Id.* at 1–2 (emphasis added). Given that "[a] preliminary injunction preserves the *status quo* pending final resolution of litigation," it would seem Defendant agrees with entry of a preliminary injunction upholding the status quo that the TRO has so far maintained, permitting Paragraph 8 of the TRO remains in effect. *See Bank of N.Y. Co. v. Ne. Bancorp, Inc.*, 9 F.3d 1065, 1067 (2d Cir. 1993).

Plaintiff asserts that Defendant is mostly, but not entirely, in compliance with the TRO. *See* [ECF No. 26 at 5–6]. However, Plaintiff's arguments as to Defendant's compliance with this Court's Order are properly raised in a motion to enforce, rather than on reply in support of a preliminary injunction where Defendant has no opportunity to respond.

Accordingly, it is HEREBY ORDERED that on or before October 16, 2026 at 2:00 PM ET, Defendant or her counsel shall advise by letter on the docket whether she consents to entry of a preliminary injunction with the same terms as the TRO, [ECF No. 9] (including Paragraph 8), thus maintaining the status quo that Defendant seeks.

It is FURTHER ORDERED that if Defendant and Plaintiff agree to terms of an injunction that differ from the TRO, they shall notify the Court by a letter on the Docket on or before October 16, 2026 at 2:00 PM ET, and attach a proposed order.

The Parties are advised that absent a letter permitting the Court to enter consented-to preliminary relief, the Court intends to hold the scheduled preliminary injunction hearing on October 19, 2026, notwithstanding the Parties' apparent agreement that such a hearing is unnecessary.

**SO ORDERED.**

**Dated:** **October 15, 2026**
**New York, New York**

MARY KAY VYSKOCIL
United States District Judge